IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00088-MR

| | |
|---|---|
| BON ALEXANDER STROUPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STEVE WHISNANT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Response to 'Order'" [Doc. 11] that is construed as a Motion for Reconsideration, and on initial review of the Complaint [Doc. 1]. He is proceeding in forma pauperis. [Doc. 7].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on behalf of himself and "15-other (petitioner's)" addressing incidents that allegedly occurred at the Burke County Jail (BJC) where he is a pretrial detainee.[1] [Doc. 1 at 3]. Before the Complaint was screened for frivolity, the Plaintiff filed a "Motion to Amend Pleadings" in which he sought leave to

---

[1] The Plaintiff also cites Bivens v. Six Unkonwn Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); however, he has not named any federal actors as defendants. [Doc. 1 at 3].

"amend and supplement" the Complaint. [Doc. 8 at 1]. On July 14, 2022, the Court denied the Motion as moot because leave to amend is not required under Rule 14, and as futile because the Plaintiff's allegations were frivolous and failed to state a claim. [Doc. 10]. This denial was without prejudice to file a superseding Amended Complaint within 30 days. [Id.]. The Plaintiff was informed that, if he did not file an Amended Complaint in accordance with the Court's Order, the action would proceed on the original Complaint. [Id. at 6]. The Plaintiff did not amend the Complaint but instead filed a Response that is construed as a Motion for Reconsideration of the July 14 Order. [Doc. 11]. The Court will thus review the Complaint for frivolity and address the Plaintiff's Motion for Reconsideration.

In the Complaint, the Plaintiff names as Defendants in their individual and official capacities: Steve Whisnant, the sheriff of Burke County; Gary Kiser, the Burke County Sheriff's Department (BCSD) "(Reception) Burke County Supervisory;" Taylor Hawkins, the BCSD "(Deception) programmer/ encryptor;" and Michael David Anderson, a BCSD lieutenant and BCJ captain. [Doc. 1 at 2-3]. The Plaintiff claims that, between January 2021 and April 2022:

> While on federal probation year 2017, all in retaliation of corrupt law enforcement Richard Eploy, Nelson Eploy, Jr., Gary Kirser, David Kiser, Robert Kiser and Taylor Hawkins, from previous federal criminal case 5:05-cr-221.

2

> While being housed inside Burke County Jail, no general housing unit Prison Rape Elimination Act Postings and/or direct contact. Filed many complaints 6-and 7-months back for sexual human gaming; NEVER ANY in person interviews….
>
> Listed 'Respondent(s)' used unconsented (deception) and (reception) remote fiber optic endoscopies within human cavity flesh, facility has no 'frequency scramblers.' Cell phone's run by staff inside Burke County Jail human gaming inmate's.

[Doc. 1 at 4-5] (errors uncorrected).

As injury, the Plaintiff claims:

> Requested blood test results for exposure to infectious disease's, organ and orifice tissue damage, and CT scan to determine amount of fiber optic endoscopic's and damage. No 24-hour medical staff at Burke County Jail. Only ignored and told by: Nurse Mr. Terry Shook, endoscopic's will work their way out!

[Id. at 5] (errors uncorrected).

As relief, the Plaintiff seeks "[i]n physical person interviews, thorough investigation, and appointment of counsel." [Id.].

The Plaintiff has attached to his Compliant several BCJ grievance/ inmate request forms complaining that BCJ staff: "unlawfully connected [him] to sound/ brainwave connections" [Doc. 1-1 at 1]; are harassing him "nonstop on unlawful soundwave connections" [id. at 3]; and are "sexually assault[ing]" him and subjecting him to "sound/brainwave … [and] "social medial (verbal) connections" [id. at 5].

3

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[2]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to assert claims on behalf of himself as well as on behalf of other BCJ inmates. As a pro se pretrial detainee, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, the Complaint is dismissed to the extent that the Plaintiff attempts to assert claims on behalf of others.

---

[2] Many of the Plaintiff's allegations are so bizarre, outlandish, and obviously frivolous that they do not require separate discussion. Any allegations, claims, or arguments not specifically addressed in this Order have been considered and rejected.

5

The body of the Complaint contains allegations addressing individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed.

The Plaintiff purports to sue Sheriff Whisnant and the other Defendants, who are BCSD employees, in their official capacities. Suits against sheriffs and their employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978)). That is, "[f]or a governmental entity to be liable under section 1983, the official policy

must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694). Here, the Plaintiff does not allege that any Sheriff's Office policy or custom played a part in the alleged violation of his constitutional rights. Accordingly, the Plaintiff's official-capacity claims against these Defendants are dismissed.

To the extent that the Plaintiff attempts to assert claims against the Defendants in their individual capacities, his vague and conclusory allegations fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a). Moreover, the Plaintiff's claims are so nonsensical and bizarre that they are frivolous for the reasons discussed in the Court's July 14th Order. [See Doc. 10 at 4-5].

Moreover, the Plaintiff seeks relief that is not available in this § 1983 action. He appears to request interviews and investigation into his PREA allegations.[3] However, "[t]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may

---

[3] Moreover, the PREA allegations themselves are frivolous. [See Doc. 1- at 4-5].

not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim). This is equally true for PREA investigations. See De'Lonta v. Clarke, 2012 WL 4458648 at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."), aff'd, De'Lonta v. Pruitt, 548 F. App'x 938 (4th Cir. 2013); see Wise v. Wilson, 2017 WL 71656 (E.D. Va. Jan 6, 2017)(dismissing plaintiff's claim that defendants failed to properly investigate plaintiff's PREA complaint).

Further, the Plaintiff does not have an absolute right to the appointment of counsel in this civil action. To warrant the appointment of counsel in a civil action, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. Accordingly, his request for the appointment of counsel is denied.

8

Finally, the Plaintiff appears to seek reconsideration of the Court's July 14th Order. [Doc. 11]. He argues *inter alia* that he is being held on bond against his will[4] [id. at 1-2]; that this Court lacks jurisdiction over the action because it was not referred to the undersigned by a magistrate judge [id. at 3, 5-6]; that the documents that the Court has mailed him are "fake" and "bogus" [id. at 2-3]; and that BCJ is illegally connecting him to an "illegal sound/brainwave direct live feed control tower and control panel [to] sexually harass inmates, threaten inmates" [id. at 3]. The Plaintiff has presented no legitimate legal or factual basis for reconsidering the July 14th Order and, accordingly the Motion for Reconsideration is denied.

The Plaintiff's increasingly bizarre filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of

---

[4] The Plaintiff unsuccessfully challenged his confinement in a habeas corpus action pursuant to 28 U.S.C. § 2241. See Case No. 1:21-cv-00224-MR. His attempt to do so again in this § 1983 action is rejected. [See Case No. 1:21-cv-224, Doc. 5 at 7-8 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)].

9

frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Accordingly, this action is dismissed without further leave to amend, as it is clear that no amendment would cure the deficiencies noted herein. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

## IV. CONCLUSION

In sum, the Court concludes that the Complaint is frivolous and has failed to state a claim upon which relief can be granted, and the Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted as set forth in this Order.

2. The Plaintiff's "Response to 'Order'" [Doc. 11] is construed as a Motion for Reconsideration, and is **DENIED**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge